

# Service of Process Transmittal
03/18/2021
CT Log Number 539237557

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Tennessee** |
| **FOR:** | WALMART INC. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sanford Angelie O., etc. and Raleigh E. Sanford, Jr., Pltfs. vs. Walmart Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Return(s), Letter(s), Complaint, First Request(s) |
| **COURT/AGENCY:** | Thirtieth Judicial District Circuit Court of Shelby County, TN<br>Case # CT103021 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 10/24/2020 - 8445 US Highway 51 N, Millington, TN 38053 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/18/2021 postmarked on 03/15/2021 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not including the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Raleigh E. Sanford, Jr.<br>9043 Barret Road<br>Millington, TN 38053<br>901-829-2100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/19/2021, Expected Purge Date: 03/24/2021<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



RALEIGH E. SANFORD, JR.
Attorney at Law
9043 Barret Road
Millington, TN 38053



WALMART INC.
C T CORPORATION SYSTEM
300 MONTVUE RD
KNOXVILLE, TN 37919-5546

| (CIRCUIT/CHANCERY) COURT OF TENNESSEE | ELECTRONICALLY FILED |
| --- | --- |
| 140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103 | 2021 Mar 12 12:36 PM |
| FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS | CLERK OF COURT |

## SUMMONS IN CIVIL ACTION

Docket No. CT-1030-21

☉ Lawsuit
○ Divorce

Ad Damnum $ 250,000.00

| ANGELIE O. SANFORD and husband, RALEIGH E. SANFORD, JR. | VS | WALMART INC. |
| --- | --- | --- |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

WALMART INC.
C T CORPORATION SYSTEM
Agent Address: 300 MONTVUE RD
KNOXVILLE, TN 37919-5546 USA

Method of Service:
☉ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
◉ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Raleigh E. Sanford, Jr.** Plaintiff's attorney, whose address is 9043 Barret Road, Millington, Tennessee 38053

telephone (901) 829-2100   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                                  Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                          By: _____
                                                              Sheriff or other authorized person to serve process



# The Shelby County, Tennessee Circuit Court

**Case Style:** ANGELIE SANFORD VS WALMART INC

**Case Number:** CT-1030-21

**Type:** SUMMONS ISSD TO MISC



David Smith, DC

Electronically signed on 03/12/2021 02:30:07 PM

ELECTRONICALLY FILED
2021 Mar 12 12:36 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF TENNESSEE FOR
THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

ANGELIE O. SANFORD and
husband, RALEIGH E. SANFORD, JR.,

    Plaintiffs,

vs.     NO. CT-1030-21

WALMART INC.,

    Defendant.

---

## COMPLAINT

COME NOW the Plaintiffs, Angelie O. Sanford and Raleigh E. Sanford, Jr., by and through their attorney, Raleigh E. Sanford, Jr., and for cause of action would respectfully show unto this Honorable Court as follows:

**1.** That the Plaintiffs were, at the time of the accident, resident citizens of Millington, Shelby County, Tennessee.

**2.** That the Defendant, Walmart Inc., is, and has been at all times pertinent, a Delaware corporation headquartered at 708 SW 8TH ST, BENTONVILLE, AR 72712-6209 and, at all times material hereto, authorized and doing business in Shelby County, Tennessee.

**3.** That this cause of action arises out of an accident which occurred at the Defendant's place of business at the Walmart Supercenter, 8445 US Highway 51 N, Millington, TN 38053, Shelby County, Tennessee, and accordingly venue is appropriate in this Court.

## GENERAL ALLEGATIONS

4. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

5. At all times mentioned herein, particularly on or about October 24, 2020, the Defendant owned, operated, controlled and maintained the Walmart Supercenter property located at 8445 US Highway 51 N, Millington, TN 38053.

6. On or about Saturday, October 24, 2020 at approximately 5:30 p.m., Plaintiff Angelie O. Sanford (hereinafter Plaintiff) went in the Walmart Supercenter property located at 8445 US Highway 51 N, Millington, TN 38053 (hereinafter the property) to pick up a few items. She went to the back part of the store and specifically to a shelf located on the back wall of the shelf containing 2 liter plastic bottles of store brand soda. She reached up and removed a 2 liter bottle off the top shelf and then, suddenly and unexpectedly, she was violently struck by a different 2 liter bottle that fell from the shelf directly into Plaintiff's face, striking her in the face as she was still looking up.

7. Plaintiff was struck directly in the face and nose with such force as to immediately cause a facial fracture and head injury and cause severe injuries to her face, nose and head.

8. Defendant is responsible for Plaintiff's injuries as the owner of the building within which Plaintiff was injured, because it and/or its agents failed to properly stock and place the 2 liter bottles in question and/or failed to properly install,

inspect, maintain and otherwise ensure that the shelving system containing the 2 liter soda bottle that caused the injures would not allow such bottles to be able to suddenly and unexpectedly fall on customers.

9. As a direct and proximate result of being struck by the falling 2 liter bottle, Plaintiff suffered severe damage to her face and nose, ultimately requiring surgery to repair significant damage to the nasal structures affecting breathing. She experienced pain and swelling and difficulty breathing, and was forced to sleep upright in a recliner for weeks. These injuries continue to cause severe pain and suffering.

10. Plaintiff received trauma to her head causing a concussion, which continues to cause severe pain and suffering.

11. For a period of time. Plaintiff's injuries prevented her from being able to obtain employment which she planned to do to earn income to deal with family emergencies, causing lost earnings and other damages.

12. Plaintiff's injuries prevented her from participating in many of the same activities that she enjoyed before the accident primarily due to breathing issues and fear of impacts to her already damaged nose.

### FIRST CAUSE OF ACTION

#### (NEGLIGENCE)

13. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

14. The Defendant owed Plaintiffs a duty of care in properly

stocking and placing the 2 liter bottles in question and/or in properly installing, inspecting, maintaining and otherwise ensuring that the shelving system containing the 2 liter soda bottle that caused the injures would not allow such bottles to be able to suddenly and unexpectedly fall on customers and in selecting those charged with the task of installing, securing, maintaining and inspecting the same.

15. The Defendant's improper stocking and placing of the 2 liter bottles in question and/or improper design, construction, manufacture and/or installation of the shelving system containing the 2 liter soda bottle that caused the injures was a substantial factor in causing the injuries sustained by Plaintiff.

16. The Defendant's improper stocking and placing of the 2 liter bottles in question and/or improper design, construction, manufacture and/or installation of the shelving system containing the 2 liter soda bottle that caused the injures created an unreasonably dangerous condition which eventually caused injury to Plaintiff.

17. The Defendant's improper stocking and placing of the 2 liter bottles in question and/or improper design, construction, manufacture and/or installation of the shelving system containing the 2 liter soda bottle that caused the injures was a defect when the Defendant completed construction, manufacture and/or installation of the shelving system containing the 2 liter soda bottle that caused the injures, such that the shelving system could not be safely used in the manner and for the purpose for which it was intended.

18. The Defendants owed Plaintiffs a duty to exercise due care in providing a safe place for shoppers, including by ensuring that the facilities were safe and that installed shelving system and the products placed thereon were properly installed, maintained, secured, and inspected and Defendant breached the Defendant's duty of care.

19. The Defendant breached its standard and duty of care to Plaintiffs, including, without limitation, by failing to ensure that the shelving system and the products placed thereon at their facility were safe and secure, which breach led to the 2 liter bottle in question suddenly and unexpectedly falling from the shelf directly into Plaintiff's face, striking her in the face as she was still looking up.

20. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has suffered severe and serious personal injuries. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained, Plaintiffs will assert them with particularity.

21. It was foreseeable to Defendant that, if the heavy 2 liter bottle should fall, it could cause serious injuries to shoppers.

22. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

23. Plaintiff has, since the incident on October 24, 2020, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of $100,000.00, but in a total amount to be established by proof at trial.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE via RES IPSA LOQUITUR)

24. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

25. The Defendant owed Plaintiffs a duty to exercise due care in providing a safe place for shoppers, and failed to meet this duty, and said actions and omissions as described above, were a breach of the Defendant's duty of care.

26. Having a heavy 2 liter soda bottle suddenly and unexpectedly fall from the shelf directly into Plaintiff's face, striking her in the face as she was still looking up after removing a soda bottle while shopping does not ordinarily occur in the absence of someone's negligence.

27. The Defendant held the exclusive control of the store, shelving system and the 2 liter soda bottle which fell upon Plaintiff in the store.

28. Plaintiff did nothing to cause the 2 liter soda bottle to fall upon her.

29. As a direct and proximate result of the foregoing negligence and carelessness of the Defendant, Plaintiff has suffered severe and serious personal injuries, and the Defendant

is liable for the same under the doctrine of res ipsa loquitur. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiffs will assert them with particularity.

30. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

31. Plaintiff has, since the incident on October 24, 2020, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of $100,000.00, but in a total amount to be established by proof at trial.

### THIRD CAUSE OF ACTION

### (NEGLIGENCE via STRICT LIABILITY)

32. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

33. Inviting shoppers to remove heavy 2 liter soda bottles from the top shelf when the Defendant has failed to properly stock and place the 2 liter bottles in question and/or failed to properly install, inspect, maintain and otherwise ensure that the shelving system containing the 2 liter soda bottle that caused the injures would not allow such bottles to be able to suddenly and unexpectedly fall on customers is an ultrahazardous activity

for which the Defendant is strictly liable to any party who suffers any damage as a result of the same, regardless of fault. Plaintiff did not have any knowledge of the dangers involved when removing a soda bottle while shopping.

34. The Plaintiff was injured and suffered damages, as described above, due to the above-described events when the 2 liter soda bottle fell on her, for which the Defendant is strictly liable to the Plaintiff, regardless of fault.

35. As a direct and proximate result of the foregoing, Plaintiff has suffered severe and serious personal injuries, and the Defendant is strictly liable for the same. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiffs will assert them with particularity.

36. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

37. Plaintiff has, since the incident on October 24, 2020, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of $100,000.00, but in a total amount to be established by proof at trial.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE PER SE)

38. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

39. The Defendants owed Plaintiff a duty of care in properly stocking and placing the 2 liter bottles in question and/or in properly installing, inspecting, maintaining and otherwise ensuring that the shelving system containing the 2 liter soda bottle that caused the injures at issue herein.

40. The Defendant's actions were in direct violation of the provisions of the Tennessee Code Annotated and/or Tennessee and Shelby County, Tennessee building codes and/or reasonable and customary construction practices, and, therefore, Defendant's actions constitute negligence per se.

41. The provisions of the Tennessee Code Annotated and/or Tennessee and Shelby County, Tennessee building code provisions at issue were enacted to protect the general public while in structures in the State of Tennessee.

42. Plaintiff is a member of the general public and is, therefore, in the class of protected persons intended to be protected by the provisions of the Tennessee Code Annotated and/or Tennessee and Shelby County, Tennessee building codes and/or reasonable and customary construction practices.

43. The injuries sustained by Plaintiff are of the type of injuries the provisions of the Tennessee Code Annotated and/or Tennessee and Shelby County, Tennessee building codes and/or reasonable and customary construction practices were established to protect against.

44. As a direct and proximate result of the foregoing statutory violations and the related negligence and carelessness of the Defendants, for which Defendant is liable under the doctrine of negligence per se, Plaintiff has suffered severe and serious personal injuries. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiffs will assert them with particularity.

45. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

46. Plaintiff has, since the incident on October 24, 2020, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of $100,000.00, but in a total amount to be established by proof at trial.

### FIFTH CAUSE OF ACTION

#### (LOSS OF CONSORTIUM)

47. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

48. As a direct and proximate result of the injuries caused by the Defendant's negligence and other actions as described herein, Plaintiff Raleigh E. Sanford, Jr. (hereinafter Plaintiff

Husband) has suffered and continues to suffer, the loss of the support, maintenance, society, comfort, attention, services, love and affection of his wife the Plaintiff.

49. Before suffering these injuries, Plaintiff was able to and did perform the duties of a wife, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to Plaintiff Husband, including obtaining employment outside the home to provide financial support for the Plaintiffs and their families.

50. As a direct and proximate result of the injuries, Plaintiff has been unable to perform the duties of a wife in that she can no longer, for example, provide substantial assistance with housework, and participate in family, recreational, or social activities with Plaintiff Husband in the same manner as before, and has been severely limited in her ability to contribute to the household income.

51. Due to the nature of the injuries sustained by Plaintiff, and the severe physical and psychological strains and stress they cause her, Plaintiff is no longer able to provide Plaintiff Husband with love, companionship, affection, sexual relations, society, moral support, and solace to the same degree and in the same manner as before the injuries described herein were sustained.

52. Because of these injuries, upon information and belief, Plaintiff will be unable to perform these duties in the future. Plaintiff Husband is therefore deprived of and will be

permanently deprived of his spouse's consortium, all to plaintiff's damage, in an amount in excess of $25,000, but in a total amount to be established by proof at trial.

WHEREFORE, the Plaintiffs, expressly reserving their right to amend their Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against the Defendants for each cause of action as follows:

A. For general damages in an amount in excess of 125,000.00, but in a total amount to be established by proof at trial;

B. For special damages in an amount in excess of $25,000.00, but in a total amount to be established by proof at trial;

C. For lost wages according to proof;

D. For interest at the legal rate;

E. For costs of suit; and

F. For such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED:**

/s/Raleigh E. Sanford, Jr.
**Attorney for Plaintiffs**
9043 Barret Road
Millington, Tennessee  38053
(901) 829-2100
BPR #11314

### Cost Bond

I, Raleigh E. Sanford, Jr., Attorney do hereby acknowledge himself surety for the costs of this action not to exceed the sum of $250.00.

/s/Raleigh E. Sanford, Jr.
**Attorney at Law**

IN THE CIRCUIT COURT OF TENNESSEE FOR
THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

ANGELIE O. SANFORD and
husband, RALEIGH E. SANFORD, JR.,

    Plaintiffs,

vs.                              NO. CT-1030-21

WALMART INC.,

    Defendant.

---

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS PROPOUNDED TO DEFENDANT

---

COME NOW the plaintiffs, Angelie O. Sanford and Raleigh E. Sanford, Jr., and pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, defendant is requested to produce for inspection, copying, testing or such other examination as provided by Rule 34, at the law offices of Raleigh E. Sanford, Jr., 9043 Barret Road, Millington, TN 38053, on or before forty-five (45) days after service of these requests. All references to defendant include and all of its agents and employees.

REQUEST NO. 1: Please produce any and all reports, memoranda, notes, or other written or otherwise recorded material prepared by anyone in conjunction with the accident alleged in the Complaint.

REQUEST NO. 2: Please provide copies of any and all statements previously made by defendant concerning the subject matter of this lawsuit, including any statement signed or otherwise adopted or approved by the defendant herein and any stenographic, mechanical, electrical or any other type of recording or any transcription thereof made by the defendant herein contemporaneously recorded.

REQUEST NO. 3.   Please produce all photographs or other documents by anyone in conjunction with the accident alleged in the Complaint by anyone in conjunction.

REQUEST NO. 4.   Please produce all documents which support or relate in any way to any of the defenses or assertions made in the Answer filed in this matter by the defendant.

REQUEST NO. 5.   Please produce each and every photograph the defendant possesses which depicts or relates in any way to the plaintiff's claim or which depicts the accident scene.

REQUEST NO. 6.   Please produce a copy of any and all statements given by plaintiff Angelie Sanford. Along with anything else covered by this request, it is particularly requested that the recorded statement by plaintiff given by her on February 18, 2021 be provided and that the entire recorded conversation between all of the parties on that date be provided.

REQUEST NO. 7.   Please produce a copy of any and all movies, videos, photographs, etc. of plaintiff Angelie Sanford. It is believed that the accident in question occurred on October, 24, 2020 at approximately 5:50 p.m. Along with anything else covered by this request, it is particularly requested that all recordings from any and all Millington Walmart Supercenter surveillance and security cameras, both inside and out, for the period of time on October 24, 2020 from 5:15 p.m. through 8:00 p.m. be provided.

REQUEST NO. 10. Please produce any report or diagram of the scene of the accident alleged in the Complaint, which is in your possession, custody or control, or within the possession, custody or control of anyone acting on your behalf.

Respectfully Submitted,

/s/Raleigh E. Sanford, Jr.
BPR #11314
9043 Barret Road
Millington, TN  38053
(901) 829-2100